**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**INDIAN HARBOR INSURANCE COMPANY,**
         **Plaintiff,**

**-vs-**         Case No. 6:06-cv-1237-Orl-19JGG

**HOLIDAY SHORES CONDOMINIUM ASSOCIATION, INC.,**
         **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** MOTION TO COMPEL (Doc. No. 27)
>
> **FILED:** March 30, 2007
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice for failure to comply with Local Rule 3.01(g).

Plaintiff has filed a motion to compel answers and documents responsive to interrogatories and requests to produce, which Plaintiff served on Defendant on January 26, 2007. Docket No. 27. Although Plaintiff's counsel states that it "conferred" with Defendant's counsel pursuant to Local Rule 3.01(g), it appears that counsel have merely exchanged letters and e-mails regarding the outstanding

discovery.[1] *See id.* at 1-8.  Plaintiff's counsel, therefore, has not "conferred" in compliance with Local Rule 3.01(g) and the Case Management Scheduling Order in this case.[2]

It is therefore **ORDERED** that Plaintiff's Motion to Compel [Docket No. 27] is **DENIED** without prejudice for failure to comply with Local Rule 3.01(g).

**DONE** and **ORDERED** in Orlando, Florida on April 10, 2007.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] Plaintiff only lists one telephone conversation in its motion to compel. *See* Docket No. 27 at 1-3. On March 1, 2007, a paralegal for Plaintiff's counsel called Defendant's counsel. The Court expects *counsel*, not counsel's paralegal, to speak with opposing *counsel* to make a good faith attempt to resolve issues pursuant to Local Rule 3.01(g).

[2] "The term 'confer' in Rule 3.01(g) requires a substantive conversation *in person or by telephone* in a good faith effort to resolve the motion without court action and does not envision an exchange of ultimatums by fax or letter." Docket No. 16 at 4, ¶ II(A) (Case Management and Scheduling Order).